COPY

1   Sonja S. Weissman, Esq. (SBN 154320)
    REED SMITH LLP
2   101 Second Street, Suite 1800
    San Francisco, CA  94105
3   Telephone:  415-543-8700
    Facsimile:   415-391-8269
4   E-mail:      sweissman@reedsmith.com

5   Eric J. Buhr, Esq. (SBN 217568)
    REED SMITH LLP
6   355 South Grand Avenue, Suite 2900
    Los Angeles, CA  90071-1514
7   Telephone:  +1 213 457 8000
    Facsimile:   +1 213 457 8080
8   E-mail:      ebuhr@reedsmith.com

9   Attorneys for Defendant
    Zimmer, Inc.

10

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13   SANDRA ANDERSON,                 Case No. CV10 6201 GW (JEMx)

14            Plaintiff,              NOTICE OF REMOVAL OF
                                      ACTION PURSUANT TO 28 U.S.C.
15        vs.                        §§ 1332, 1441, AND 1446 BY
                                      DEFENDANT ZIMMER, INC.
16   ZIMMER, INC. and DOES 1 through 100,
     inclusive.                       [DIVERSITY OF CITIZENSHIP]

17            Defendants.             The Honorable

18

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 1 —

Case No. CV

US_ACTIVE-104364540.3

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**PLEASE TAKE NOTICE** that Defendant Zimmer, Inc. ("Zimmer"), removes the state court action captioned *Sandra Anderson v. Zimmer, Inc. and Does 1 through 100*, Case No. BC 440884, Los Angeles Superior Court, Los Angeles County, California (the "Action"), to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The grounds for removal are:

## I.   PLEADINGS

1.    This is a product liability action in which the plaintiff, Sandra Anderson ("Plaintiff"), alleges that on May 10, 2007, she was implanted with an artificial knee implant designed, manufactured, and assembled by Zimmer. *See* Complaint For Damages ("Complaint"), attached as Exhibit 1. Plaintiff claims that in November 2009, the knee implant was replaced. Complaint, ¶ 8. As a result, Plaintiff asserts claims sounding in "negligence; strict products liability; and negligent products liability." Complaint, *passim.*

2.    Plaintiff commenced the Action against Zimmer by filing the Complaint in the Los Angeles Superior Court on July 1, 2010. *See* Complaint, p. 1. Plaintiff served Zimmer with a Summons and the Complaint on July 21, 2010. *See* Summons directed to Zimmer and Notice of Service of Process, attached as Exhibit 2.

3.    On August 18, 2010, Zimmer filed its Answer to Plaintiff's Complaint for Damages in the Superior Court of California, Los Angeles County. A true and correct copy of the Answer is attached hereto as Exhibit 3.

## II.   REMOVAL IS PROPER IN THIS CASE

### A.   Removal Is Timely And Amount In Controversy Exceeds $75,000

4.    Removal is timely because it is made within 30 days of Zimmer having received the Summons and Complaint. *See* Exhibit 2; 28 U.S.C. § 1446(b).

Case No. CV

US_ACTIVE-104364540.3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

5.    Plaintiff does not allege any specific monetary amount of damages in the Complaint.  Where a complaint does not specify the amount of damages being sought, the defendant bears the burden of demonstrating by a preponderance of the evidence that the amount in controversy requirement is satisfied.  *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  A defendant satisfies this burden by demonstrating that it is apparent on the face of the complaint that the plaintiff's claims exceed $75,000 or by submitting "summary-judgment type evidence" to establish that the actual amount in controversy exceeds $75,000.  *Id.*  To ascertain the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages and attorney's fees.  *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995).  In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated."  Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001 (internal citations omitted).

6.    On the face of the Complaint, it is clear that the amount in controversy in this case exceeds $75,000.  Plaintiff claims that, as a result of the product "defect," she sustained "serious personal injuries, including but not limited to: chronic inflammation, pain, progressive deformity of the knee instability [*sic*], and emotional stress/trauma.  All of which said injuries have caused and continue to cause [P]laintiff great mental, physical and nervous pain and suffering."  Complaint, ¶ 17.  Plaintiff claims her injuries are "permanent and disabling."  *Id.*, ¶ 22.  Plaintiff also claims to have "incurred and will continue to incur medical, surgical and related expenses, the full nature, extent and amount of which are not yet known."  Complaint, ¶ 30.

7.    As a result of the alleged failure of the knee implant, Plaintiff seeks general damages, all medical, hospital and incidental expenses, and costs.  *See* Complaint, p. 7.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

Case No. CV

US_ACTIVE-104364540.3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1      8.    Based on similar allegations, district courts have concluded that the

2  amount in controversy requirement was satisfied.  For example, in *Campbell, et al. v.*

3  *Bridgestone/Firestone, Inc., et al.*, Case No. CIV F 05-1499 FVS DLB, 2006 U.S.

4  Dist. LEXIS 16113, **6-7 (E.D. Cal. March 17, 2006), the court held that it was

5  facially apparent from the allegations in the complaint and the underlying facts that

6  the amount in controversy requirement was satisfied.  There, as here, the plaintiff

7  asserted claims of negligence and strict product liability, and sought damages for

8  hospital and medical expenses and general damages.  *Id.*  In finding that the amount in

9  controversy was met, the court considered the allegations and requested damages, as

10  well as the fact that the plaintiff had suffered "severe" bodily injury.  *Id.*  Here,

11  Plaintiff similarly makes claims of negligence and product liability.  Complaint,

12  *passim*.  She claims that her injuries are both severe and permanent.  Complaint,

13  ¶¶ 18, 22.

14      9.    Moreover, the fact that Plaintiff alleges her injuries are "permanent" and

15  that she suffers disability also proves that the amount in controversy requirement has

16  been met.  In *Corbelle v. Sanyo Electric Trading Co., et al.*, Case No. C-03-1509

17  EMC, 2003 U.S. Dist LEXIS 20339 (N.D. Cal. Nov. 4, 2003), the court noted that

18  permanent disability is the kind of allegation that would "clearly establish" that the

19  amount in controversy requirement had been met.  *Id.* at *3.

20      10.    Accordingly, based on the allegations in the Complaint, it is facially

21  apparent that the amount in controversy in this case exceeds $75,000.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

Case No. CV

US_ACTIVE-104364540.3

**B.     There Is Complete Diversity Among The Parties**

11.     The diversity of citizenship requirements of 28 U.S.C. § 1332(a) are satisfied.  The citizenship of the parties is as follows:

a.     <u>Plaintiff</u>:  Plaintiff is, and was at the time of the filing of this action, a citizen of the State of Wisconsin.  Plaintiff asserts in her Complaint that she is a resident of the County of Waukesha, Wisconsin.  *See* Complaint, ¶ 1.  On August 5, 2010, Zimmer obtained a comprehensive public record search through Accurint® showing that Plaintiff is and has resided in Wisconsin at all times relevant to the Action.  A true and correct copy of the Accurint® report is attached as Exhibit 4.  The Accurint® report shows only connections to the state of Wisconsin and no reference to a residence, phone number, driver's license registration, property ownership, or motor vehicle registration for Plaintiff in any other state.  Therefore, according to these objective factors, Plaintiff is a citizen of the State of Wisconsin under 28 U.S.C. § 1332.

b.     <u>Zimmer</u>:  Zimmer is, and was at the time of the filing of this action, a Delaware corporation with its principal place of business in Warsaw, Indiana.  *See* Exhibit 2; *see also*, Complaint ¶ 11.  Thus, Zimmer is a citizen of Delaware and Indiana under 28 U.S.C. § 1332(c)(1).

c.     <u>Does 1 through 100</u>:  To date, none of the Doe Defendants has been substituted with any named defendant or served with process in the state court action.  For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441.  Where, as here, a complaint does not give any indication of who the "Doe Defendants" might be or how their activities might have given rise to the causes of action, they are not considered for purposes of determining diversity.  *See Bogan v. Keene Corp.*, 852 F.2d 1238, 1240 (9th Cir. 2004).  Therefore, the citizenship of Does 1 through 100 must be disregarded and should not preclude removal of the Action.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. CV

US_ACTIVE-104364540.3

1    Accordingly, there is complete diversity among the parties, and removal is
2    proper under 28 U.S.C. § 1332(a)(1).

3    **C.    Venue And Other Requirements Are Satisfied**

4        12.    The United States District Court for the Central District of California
5    includes Los Angeles County – the county in which the Action is now pending.  Thus,
6    this Court is the proper venue for the Action to be removed pursuant to U.S.C.
7    § 1441(a).

8        13.    Pursuant to 28 U.S.C. § 1446(d), Zimmer is filing a written notice of this
9    removal with the Clerk of the Los Angeles Superior Court.  A Notice Of Removal To
10   Adverse Party, together with copies of this Notice Of Removal and the Notice Of
11   Filing Notice Of Removal, are being served upon Plaintiff's counsel as required by 28
12   U.S.C. § 1446(d).

13       14.    Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint and
14   Zimmer's Answer are attached as Exhibits 1, 2 and 3.  A copy of all other documents
15   contained in the State Court file are attached hereto as Exhibit 5.

16       15.    Complete diversity, as defined by 28 U.S.C. § 1332, exists between
17   Plaintiff and Zimmer.  The amount in controversy exceeds the jurisdictional amount
18   set by 28 U.S.C. § 1332.  The procedural prerequisites under 28 U.S.C. §§ 1441 and
19   1446 have been met.  Therefore, this Court is vested with subject matter jurisdiction
20   over this action.

21   / / /
22   / / /
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Case No. CV

US_ACTIVE-104364540.3

1   WHEREFORE, Defendant Zimmer, Inc., respectfully removes the Action from

2   the Los Angeles Superior Court to this Court, pursuant to 28 U.S.C. §§ 1332, 1441,

3   and 1446.

4

5   DATED:  August __19__, 2010.

6                                          REED SMITH LLP
                                           SONJA S. WEISSMAN
7                                          ERIC J. BUHR

8

9                                          By_____

10                                             Eric J. Buhr
                                               Attorneys for Defendant
11                                             Zimmer, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV

US_ACTIVE-104364540.3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EXHIBIT 1**

GIRARDI AND KEESE
1126 Wilshire Blvd
Los Angeles, California 90017
(213) 977-0211
FAX (213) 481-1554
JAMES G. O'CALLAHAN - BAR NO. 126975

Attorneys for Plaintiffs

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 01 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SANDRA ANDERSON, | CASE NO.: BC440884 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | 1. NEGLIGENCE |
| ZIMMER, INC. and DOES 1 through 100, Inclusive, | 2. STRICT PRODUCT LIABILITY 3. NEGLIGENT PRODUCT LIABILITY |
| Defendants. | |

Plaintiff, Sandra Anderson, for causes of action against Defendants, and each of them, complains and alleges as follows:

**PARTIES**

1.  Plaintiff, Sandra Anderson, is a resident of the State of Wisconsin, County of Waukesha.

2.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 100 and therefore sues these defendants by such fictitious names pursuant to the provisions of California Code of Civil Procedure § 474. Plaintiff is informed and believes, and

-1-

COMPLAINT FOR DAMAGES

1  upon such information and belief alleges, that each of the defendants designated as a Doe are
2  legally responsible in some manner for the events and happenings hereinafter referred to, and
3  caused damages thereby as hereinafter alleged. Plaintiff will seek leave of the Court to amend this
4  complaint to show the true names and capacities of the defendants, and each of them, designated
5  as Does when the same have been ascertained.

6      3.    At all times herein mentioned the defendants were the agents and employees of
7  each of their codefendants, and in doing the things herein mentioned, were acting in the scope of
8  their authority and employment as such agents and employees, and with the permission and
9  consent of their codefendants.

10                                    **FIRST CAUSE OF ACTION**
11               **(By Sandra Anderson For Negligence Against Defendants,**
12                         **ZIMMER, INC. and Does 1 through 100)**

13      4.    Plaintiff is and at times herein mentioned were, residents of County Waukesha,
14  State of Wisconsin, and that the County of Los Angeles was the County where the products
15  complained of herein were actually used. At all times herein mentioned, the County of Los
16  Angeles was the site of all acts, conduct, negligence, injuries and damages complained of as set
17  forth herein.

18      5.    Defendants, Doe 1 through Doe 100, inclusive, are sued herein under fictitious
19  names. Once their true names and capacities are ascertained, plaintiffs will amend this
20  Complaint by inserting their true names and capacities herein. Plaintiffs are informed and
21  believe, and thereon alleges, that each of the fictitiously named defendants are responsible in
22  some manner for the occurrences herein alleged and that plaintiffs' damages as herein alleged
23  were proximately caused by those defendants.

24      6.    Defendant, Zimmer, Inc., is and at all times herein mentioned was a corporation
25  engaged in the business of designing, manufacturing, and assembling the Zimmer NexGen Flex
26  GSF System (hereinafter "NexGen knee"), for the sale and use by members of the public, and as

27

28                             -2-

1  part of its business, defendant designed, manufactured and assembled the NexGen knee
2  hereinafter referred.

3      7.    On or about May 10, 2007, defendants, and each of them, were negligent and
4  careless in their supervision, utilization and installation of the NexGen knee being implanted in
5  plaintiff. That in failing to properly supervise, utilize and install the NexGen knee defendants, and
6  each of them failed in any way to take steps to prevent plaintiff's injuries from occurring.

7      8.    That on or about May 10, 2007 underwent the placement of the NexGen knee.
8  Plaintiff discovered the negligence of the design, manufacture and assembly of the NexGen knee
9  on or about November 2009 and underwent surgery for the replacement of the NexGen knee.

10     9.    As a direct and proximate result of defendants, and each of them, negligence,
11 plaintiff suffered injury to his body and limbs, all to his general damage, in a monetary sum.
12 Further, plaintiff was required to and did employ physicians, surgeons, and other medical
13 personnel and incurred expenses therefore, and incurred additional medical expenses for
14 hospital bills and other incidental medical expenses. Plaintiff is informed and believes and
15 thereon alleges that he will be required to incur additional medical expenses all to his further
16 damage in an amount not yet ascertainable.

17                    **SECOND CAUSE OF ACTION**

18          **(By Sandra Anderson For Strict Products Liability Against**
19          **Defendants Zimmer, Inc.; and Does 1 trough 100, inclusive)**

20     10.   Plaintiff re-alleges each and every previous paragraph and incorporates them
21 herein by reference as though set forth in full.

22     11.   That at all times mentioned herein, defendant, Zimmer, Inc., an Indiana
23 Corporation, engaged in the business of designing, manufacturing, assembling, testing,
24 inspecting, distributing, promoting, and selling for retail to members of the general public in the
25 State of California and in Wisconsin a certain product line of NexGen knee used in knee
26 replacement attaching the artificial knee to the bone using the NexGen knee, which were sold
27 with knowledge that same would be purchased and used without inspection of defects.

28                          - 3 -

                    COMPLAINT FOR DAMAGES

12.     Plaintiff is informed and believes, and upon such information and belief alleges that at all times mentioned herein, the product line of NexGen knees, and their component parts were defective and dangerous, both in manufacture and in design, in that such defective components of the NexGen knee would loosen and cause pain, instability, chronic inflammation and significant deformity of the bone, and were likely to cause serious injury and damages to users of said NexGen knees rendering them unsafe for their intended use.

13.     Furthermore, plaintiff is informed and believes, and upon such information and belief alleges that certain components of said NexGen knees, currently unknown to plaintiff, are also defective in manufacture and design and as such plaintiff will amend this Complaint to show such defective components when the same has been ascertained.

14.     On or about May 10, 2007, in the County of Waukesha, State of Wisconsin, while said NexGen knee was being used in the manner and for the purpose for which they were intended or that was reasonably foreseeable, and by reason of its defective condition thereof, and as a legal result, plaintiff was wrongfully injured. As a result of this incident, plaintiff sustained damages in the amount allowed according to proof at the time of trial.

15.     Plaintiff is informed and believes, and upon such information and belief alleges that at the time of the incident complained of, the product was in substantially the same condition as it was when it left possession of defendants.

16.     At the times and places mentioned herein, defendants, and each of them, knew or should have known at the time said product left defendants' possession, that said product was defective in design that it did not meet the users reasonable expectations for safety when used in a reasonably foreseeable manner, and was dangerous, defective, unfit and unsafe for its intended use and that it was likely to cause injury to those who used said defendants NexGen knee.

17.     As a proximate result of the defect and incident as herein alleged, plaintiff sustained serious personal injuries, including but not limited to: chronic inflammation, pain, progressive deformity of the knee instability, and emotional stress/trauma. All of which said

-4-

COMPLAINT FOR DAMAGES

1 injuries have caused and continue to cause said plaintiff great mental, physical and nervous pain
2 and suffering.

3    18.    Plaintiff, Sandra Anderson, is informed and believes, and based upon such
4 information and belief, alleges that his injuries will result in some permanent disability, all to his
5 detriment in a sum according to proof.

6    19.    At the times and places mentioned herein, defendants, knew or should have known
7 at the time said product left defendants' possession, that said product was defective in design,
8 likely to perform unsafely in a manner unanticipated by a prudent user, and having such
9 knowledge should have used reasonable care to warn, or give adequate warning of the product's
10 defect in design and operational characteristics to those intending to use said product in the
11 manner the product was intended to be used.

12    20.    At all times and places mentioned herein, defendants failed to use reasonable care
13 to warn, give adequate warning or provide facts describing the products dangerous propensities
14 to those whom they could expect to use the product or be endangered by its probable use.

15    21.    That as a direct and proximate result of the failure to use reasonable care to warn
16 or give adequate warning of the defective condition and dangerous characteristics of the product
17 when used in its intended manner, plaintiff, Sandra Anderson, was hurt and injured in plaintiff's
18 health, strength and activities and sustained severe bodily injuries, shock and contusion.

19    22.    As a further and proximate result of defendants' failure to warn or give adequate
20 warning, plaintiff suffered severe injuries and will continue to suffer injuries and damages in the
21 future, including but not limited to: chronic inflammation, pain, progressive valgus deformity of the
22 knee and emotional stress/trauma, and emotional stress/trauma. These injuries are both
23 permanent and disabling.

24                              **THIRD CAUSE OF ACTION**

25        **(By Sandra Anderson For Negligent Products Liability Against Defendants**
26                  **Zimmer, Inc. and Does 1 through 100, inclusive)**

27    23.    Plaintiff re-alleges each and every previous paragraph and incorporates them

28                                        -5-

                              COMPLAINT FOR DAMAGES

1 | herein by reference as though set forth in full.

2 | 24. At all times and places mentioned herein, defendant, Zimmer, Inc., was engaged in
3 | the business of designing, manufacturing, assembling, distributing, selling and otherwise placing
4 | into the stream of commerce the said NexGen knee for sale and use by members of the general
5 | public, and as such defendant owed the general public a duty to produce, design, manufacture,
6 | assemble, distribute, sell and otherwise place into the stream of commerce products that are
7 | safe in their intended and foreseeable use by the general public. That at all times mentioned
8 | herein, defendant, Zimmer, Inc., an Indiana corporation, engaged in the business of designing,
9 | manufacturing, assembling, testing, inspecting, distributing, promoting, and selling for retail to
10 | members of the general public in the State of Wisconsin and California a certain product line of
11 | NexGen knees used in knee replacement/reconstruction thereby replacing the knee using the
12 | NexGen knee, which was sold with knowledge that same would be purchased and used without
13 | inspection of defects.

14 | 25. At all times and places mentioned herein; defendants negligently produced;
15 | manufactured, assembled, designed, distributed and sold the subject NexGen knee in a
16 | defective and dangerous condition.

17 | 26. Defendants breached their duty to the public and plaintiff by failing to design the
18 | subject NexGen so as to avoid its operational characteristics and safety defects which were
19 | unanticipated by a prudent and foreseeable user, such as plaintiff.

20 | 27. Defendants breached their duty to the public and plaintiff by failing to warn of the
21 | products dangerous operational characteristics so as to avoid its dangerous operational
22 | characteristics and safety defects, which were unanticipated by a prudent and foreseeable user,
23 | such as plaintiff.

24 | 28. That as a proximate result of the negligent conduct of the defendants, plaintiff
25 | Sandra Anderson, was hurt and injured in plaintiff's health, strength and activities and sustained
26 | severe bodily injuries.

27 | 29. That as a further and proximate result of the negligent conduct of said defendants,

28 |

-6-

COMPLAINT FOR DAMAGES

1   as aforesaid, said plaintiff was compelled to, and did employ, physicians, and other practitioners

2   of the healing arts to examine, treat and care for plaintiff and plaintiff has incurred liability

3   therefore, the exact amount of which is unknown to plaintiff at this time.  Plaintiff is informed and

4   believes, and upon such information and belief, alleges that plaintiff will incur additional liability

5   for medical services to treat and care for plaintiff by reason of said injuries.  Therefore, plaintiff

6   asks leave to prove, and if required by the court, to amend this Complaint to show the reasonable

7   value of the liability plaintiff has incurred for said medical services up to the time of trial in this

8   action.

9       30.    As a further direct and legal result of the above described conduct of defendants,

10  plaintiff has incurred and will continue to incur medical, surgical and related expenses, the full

11  nature, extent and amount of which are not yet known.

12      WHEREFORE, Plaintiffs pray for judgment against the defendants, and each of them as

13  follows:

14      1.    General damages;

15      2.    All medical, hospital and incidental expenses, according to proof;

16      3.    For costs of suit incurred herein; and

17      4.    For such other and further relief as this court may deem just and proper.

18  Dated: July 1, 2010                              GIRARDI AND KEESE

19

20                                          By:   _____

21                                                James G. O'Callahan
                                                  Attorneys for Plaintiff
22

23

24

25

26

27

28                                          -7-

COMPLAINT FOR DAMAGES

**EXHIBIT 2**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT: ZIMMER, INC. and DOES 1 through
(AVISO AL DEMANDADO): 100, Inclusive,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 01 2010

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

YOU ARE BEING SUED BY PLAINTIFF: SANDRA ANDERSON,
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER: (Número del Caso): |
|---|---|
| Los Angeles Superior Court<br>111 North Hill Street<br><br>Los Angeles, CA 90012 | BC440884 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es): 213 977 0211    213 481 1554
James G. O'Callahan
Girardi and Keese
1126 Wilshire Blvd.
Los Angeles, CA 90017

DATE:                                                        JUL 01 2010          Clerk, by _____, Deputy
(Fecha)                                                                           (Secretario)     S WESLEY     (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): ZIMMER, INC.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS



Code of Civil Procedure §§ 412.20, 465



**RECEIVED**

JUL 2 2 REC'D

**LEGAL DEPARTMENT**

## Notice of Service of Process

**BWE / ALL**
**Transmittal Number: 7843138**
**Date Processed: 07/21/2010**

| | |
|---|---|
| **Primary Contact:** | David Royster<br>Zimmer Holdings, Inc.<br>345 East Main Street<br>Warsaw, IN 46580 |
| **Copy of transmittal only provided to:** | Chad Phipps<br>Byron Hayes |

**RECEIVED**

JUL 2 2 REC'D

**LEGAL DEPARTMENT**

| | |
|---|---|
| **Entity:** | Zimmer US, Inc.<br>Entity ID Number 2451858 |
| **Entity Served:** | Zimmer, Inc. |
| **Title of Action:** | Sandra Anderson vs. Zimmer, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court:** | Los Angeles County Superior Court, California |
| **Case Number:** | BC440884 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/21/2010 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | James G. O'Callahan<br>213-977-0211 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**EXHIBIT 3**

# COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 18 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
A. El LaFLEUR-CLAYTON

1    Sonja S. Weissman, Esq. (SBN 154320)
     REED SMITH LLP
2    101 Second Street, Suite 1800
     San Francisco, CA 94105-3659
3    Telephone:    +1 415 543 8700
     Facsimile:     +1 415 391 8269
4
     Eric J. Buhr, Esq. (SBN 217528)
5    REED SMITH LLP
     355 South Grand Avenue, Suite 2900
6    Los Angeles, CA 90071-1514
     Telephone:    +1 213 457 8000
7    Facsimile:     +1 213 457 8080

8    Attorneys for Defendant
     Zimmer, Inc.

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| 12   SANDRA ANDERSON, | Case No. BC440884 |
| 13           Plaintiff, | **ZIMMER, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| 14      vs. | |
| 15   ZIMMER, INC. and DOES 1 through 100, inclusive. | Complaint Filed:    July 1, 2010 |
| 16 | Trial Date:         TBD <br> Discovery Cut-Off:   TBD |
|           Zimmer. | |
| 17 | Honorable Alan S. Rosenfeld |
| 18 | |

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-104354884.1

Defendant Zimmer, Inc. ("Zimmer"), responds to the Complaint For Damages ("Complaint") of the plaintiff, Sandra Anderson ("Plaintiff"), as follows:

## I.

## GENERAL DENIAL

Under section 431.30 of the Code of Civil Procedure, Zimmer denies all of the allegations in Plaintiff's Complaint, and each cause of action. Zimmer further denies that Plaintiff sustained any damages.

## II.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.     Zimmer alleges that the State of California's judicially created definitions of manufacturing defect and design defect and standards for determining whether there has been an actionable failure to warn are unconstitutional in that, among other things they are void for vagueness and place an undue burden upon interstate commerce as well as constitute an impermissible effort to regulate in an area that has previously been preempted by the federal government.

## SECOND AFFIRMATIVE DEFENSE

2.     Any amount that Plaintiff claims as compensatory damages, if the claims for such amounts are not entirely barred, must be diminished proportionately by the fault of Plaintiff and the fault of all others who caused or contributed to cause the harm.

## THIRD AFFIRMATIVE DEFENSE

3.     If Plaintiff sustained injuries or incurred expenses as alleged, her injuries or expenses were the result of intervening and/or superseding causes, and not as a result of the acts or omissions of Zimmer.

US_ACTIVE-104354684.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH AFFIRMATIVE DEFENSE**

4.     Plaintiff cannot recover under the Complaint because Zimmer complied with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States, State of California, or by an agency of the United States or California.

**FIFTH AFFIRMATIVE DEFENSE**

5.     Plaintiff's claims are barred by virtue of the intervention of a learned intermediary or intermediaries to whom Zimmer discharged any duty to warn.

**SIXTH AFFIRMATIVE DEFENSE**

6.     Zimmer contends that the Complaint does not state facts sufficient to constitute a cause of action against Zimmer.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     Plaintiff cannot recover under the Complaint because Zimmer's products were in conformity with the generally recognized state of the art at the time they were designed, manufactured, packaged, and labeled.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     The medical device that Plaintiff alleges caused harm to her is a prescription medical device that is reasonably safe because reasonable health care providers prescribe it for a class of patients, knowing the foreseeable risks and therapeutic benefits.

**NINTH AFFIRMATIVE DEFENSE**

9.     Zimmer alleges that the medical device that Plaintiff alleges caused harm to her was properly designed and manufactured and was accompanied by adequate warnings to physicians of all

1    risks that were known or reasonably and scientifically able to be known at the time of distribution,

2    and thus Zimmer cannot be held liable for any of the injuries or damages alleged in the Complaint.

3

4                     **TENTH AFFIRMATIVE DEFENSE**

5        10.     If Plaintiff sustained injuries attributable to her use of any product manufactured or

6    distributed as alleged in Plaintiff's Complaint, which allegations are expressly denied, the injuries

7    were proximately caused by the actions of other persons and the independent knowledge and

8    awareness of the other persons of the risk inherent in the use of the product, and the knowledge of

9    the inherent risks in the use of the product constitutes an intervening cause between the Plaintiff's

10    alleged injuries or losses, and any alleged acts, conduct, or omissions of Zimmer.

11

12                   **ELEVENTH AFFIRMATIVE DEFENSE**

13        11.     If Plaintiff sustained any of the injuries, losses, and damages set forth in the

14    Complaint, then the injuries, losses, and damages were directly and proximately caused by the acts

15    or omissions of Plaintiff, other parties to this suit, and/or other third parties over whose conduct

16    Zimmer had no control and no right to control, for whose conduct Zimmer is not responsible, and

17    with whom Zimmer had no legal relation. Zimmer therefore requests that in any finding of any

18    liability in favor of Plaintiff or settlement through a judgment against Zimmer, an apportionment of

19    fault be made among all parties, as permitted by *Li v. Yellow Cab Company*, 13 Cal. 3d 804 (1975),

20    and *American Motorcycle Assoc. v. Superior Court*, 20 Cal. 3d 578 (1987), by the court or jury.

21    Zimmer further requests a judgment and declaration of partial indemnification and contribution

22    against all parties or persons in accordance with the apportionment of fault.

23

24                   **TWELFTH AFFIRMATIVE DEFENSE**

25        12.     If Plaintiff sustained any of the injuries, losses, and damages set forth in the

26    Complaint, then the injuries, losses, and damages were directly and proximately caused by the

27    failure of Plaintiff to exercise due care and diligence to avoid the injuries, losses, and damages, and

28    to mitigate the alleged damages.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff's action is barred by the provisions of "comment k" and "comment j" of the RESTATEMENT (SECOND) OF TORTS, Section 402(A), and California case law upholding and applying those provisions, as well as the provisions of the RESTATEMENT (THIRD) OF TORTS. The benefits of the subject medical device outweigh the risks, if any, that may be attendant to its use. The subject medical device is therefore neither defective nor unreasonably dangerous when properly prepared and accompanied by proper warnings and instruction for use.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's claims for strict products liability based upon design defect are barred by California law. *See Brown v. Superior Court*, 44 Cal. 3d 1049, 1061 (1988); *Artiglio v. Superior Court*, 22 Cal. App. 4th 1388, 1397 (1994); *Plenger v. Alza Corp.*, 11 Cal. App. 4th 349, 360 (1992); *Hufft v. Horowitz*, 4 Cal. App. 4th 8, 11 (1992).

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff was fully aware of and informed about the nature of the medical device and the risks and possible adverse effects pertaining to the surgical procedure performed upon her and use of the medical device during that surgery, and all injuries, damages, or losses, if any, that Plaintiff sustained arose from and were caused by risks of which Plaintiff was aware. Plaintiff accepted and assumed all the risks. Accordingly, Plaintiff's claims are barred, in whole or in part, by principles of assumption of the risk and informed consent.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    If Plaintiff sustained any of the injuries, losses, and damages set forth in the Complaint, then the alleged injuries, losses, and damages were caused by Plaintiff's pre-existing medical conditions, subsequent medical conditions, by an idiosyncratic reaction, and/or natural course of conditions and not from any act or omission on the part of Zimmer.

US_ACTIVE-104354684.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     If Plaintiff sustained injuries attributable to her use of any product manufactured or distributed as alleged in Plaintiff's Complaint, which allegations are expressly denied, the injuries were solely caused by and attributable to the unreasonable, unforeseeable, and inappropriate purpose, improper or negligent use of the product, and/or abuse of the product.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     While denying any and all of Plaintiff's claims, Zimmer states that no act or omission of Zimmer was a substantial factor in bringing about Plaintiff's alleged injuries, losses, and damages.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Zimmer contends that the Complaint is barred by any and all applicable statutes of limitations, including but not limited to, §335.1 of the Code Of Civil Procedure.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Zimmer contends that the provisions of California Civil Code § 1431.2 (Proposition 51) are applicable to the Complaint and each cause of action therein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Any liability that might otherwise be imposed upon Defendants is subject to reduction by application of the doctrine of comparative negligence as codified by Wis. Stats. § 895.045.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred in whole or in part under the doctrine of forum non conveniens because Plaintiff is not a resident of California and Plaintiff's claims arise from events occurring outside the state.  Therefore, this case is subject to dismissal or stay on the grounds of forum non conveniens.

US_ACTIVE-104354684.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    Zimmer alleges that it is entitled to the benefit of all defenses and presumptions contained in, or arising from, the rule of law and statutes of the State of California and State of Wisconsin.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Zimmer gives notice that it intends to rely upon all other affirmative defenses as may become available or apparent during the course of discovery or other proceedings and, thus, reserve the right to amend this answer to assert other defenses to which it may be entitled.

### PRAYER

WHEREFORE, Zimmer request:

1.    That Plaintiff take nothing by the Complaint;

2.    A dismissal of the Complaint with prejudice and an award of Zimmer's reasonable attorneys' fees to the extent permitted by law;

3.    Judgment in favor of Zimmer and against Plaintiff;

4.    Costs of suit herein; and

5.    Such other and further relief, legal and equitable, that the Court may deem proper.

DATED: August 1𝒀, 2010.

REED SMITH LLP
SONJA S. WEISSMAN
ERIC J. BUHR

By_____
Eric J. Buhr
Attorneys for Defendant
Zimmer, Inc.

- 7 -

1

2

**PROOF OF SERVICE**
*Sandra Anderson v. Zimmer, Inc.*
LASC Case No. BC440884

3    I am a resident of the State of California, over the age of eighteen years, and not a party to

4    the within action. My business address is REED SMITH LLP, 355 South Grand Avenue,

5    Suite 2900, Los Angeles, CA 90071-1514. On August 18, 2010, I served the following document(s)

6    by the method indicated below:

7    **ZIMMER, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

8
☐    by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s)
9
     listed above to the fax number(s) set forth below. The transmission was completed before
10
     5:00 PM and was reported complete and without error. The transmission report, which is
11
     attached to this proof of service, was properly issued by the transmitting fax machine.
12
     Service by fax was made by agreement of the parties, confirmed in writing. The transmitting
13
     fax machine complies with Cal.R.Ct 2.306.
14
☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully
15
     prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I
16
     am readily familiar with the firm's practice of collection and processing of correspondence
17
     for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that
18
     same day with postage thereon fully prepaid in the ordinary course of business. I am aware
19
     that on motion of the party served, service is presumed invalid if the postal cancellation date
20
     or postage meter date is more than one day after the date of deposit for mailing in this
21
     Declaration.
22
☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal
23
     delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof
24
     of service by the process server or delivery service will be filed shortly.
25
☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set
26
     forth below.
27
☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-104360905.1

1    express mail service for guaranteed delivery on the next business day following the date of

2    consignment to the address(es) set forth below. A copy of the consignment slip is attached to

3    this proof of service.

4  ☐  by transmitting via email to the parties at the email addresses listed below:

5

6    James G. O'Callahan
     Girardi and Keese
7    1126 Wilshire Boulevard
     Los Angeless, CA 90017
8    Telephone: (213) 977-0211
     Facsimile: (213) 481-1554
9

10   *Attorneys for Plaintiff*

11       I declare under penalty of perjury under the laws of the State of California that the above is

12   true and correct. Executed on August 18, 2010, at Los Angeles, California.

13

14                                    Arleen A. Swenson

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**EXHIBIT 4**

Comprehensive Report

**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State. The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:** Civil, Criminal, Administrative, or Arbitral Proceedings
**Your GLBA Permissible Use:** Use by Persons Holding a Legal or Beneficial Interest Relating to the Consumer

REPORT FOLLOWS

**Comprehensive Report**
**Date:** 08/05/10
**Reference Code:** 976353/1785

**Report processed by:**
Baker & Daniels
300 North Meridian Street #2700
Indianapolis, IN 46204-1750
317-237-0300 Main Phone
317-237-1000 Fax

**Report Legend:**

- Shared Address

- Deceased

- Probable Current Address

| Subject Information (Best Information for Subject) | AKAs (Names Associated with Subject) | Indicators |
|---|---|---|
| Name: **SANDRA L ANDERSON**<br>Date of Birth: **8/xx/1956**<br>Age: 53<br>SSN: **395-60-xxxx** issued in **Wisconsin**<br>between **1/1/1969** and **12/31/1970** | [No Data Available] | Bankruptcy: **No**<br>Property: **No**<br>Corporate Affiliations: **No** |

**Address Summary**

**297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY** (Apr 1980 - Aug 2010)
Phone at address: **262-367-3816  ANDERSON HAROLD & SANDRA L**
Neighborhood Profile (2000 Census)
Average Age:**38**    Median Household Income: **$64,821**    Median Home Value: **$163,000**    Average Years of Education: **14**

**W297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072-4219, WAUKESHA COUNTY** (Jul 2001 - Apr 2009)
Neighborhood Profile (2000 Census)
Average Age:**38**    Median Household Income: **$64,821**    Median Home Value: **$163,000**    Average Years of Education: **14**

**W297N2968 OAKWOOD GROVE RD, PWK WI 53072-4219, WAUKESHA COUNTY** (Jan 2001)
[No Data Available]

**2968 N OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY** (Sep 1993 - May 2006)
Neighborhood Profile (2000 Census)
Average Age:**38**    Median Household Income: **$64,821**    Median Home Value: **$163,000**    Average Years of Education: **14**

**297 N 2968 OKWD, PEWAUKEE WI 53072, WAUKESHA COUNTY** (Feb 2005)
Neighborhood Profile (2000 Census)
Average Age:**38**    Median Household Income: **$64,821**    Median Home Value: **$163,000**    Average Years of Education: **14**

**297 N 2968 OAKWO RD, PEWAUKEE WI 53072, WAUKESHA COUNTY** (Mar 2003)

Comprehensive Report

Neighborhood Profile (2000 Census)
Average Age:**38**   Median Household Income: **$64,821**   Median Home Value: **$163,000**   Average Years of Education: **14**

**297 2968 OAKWOOD, PEWAUKEE WI 53072, WAUKESHA COUNTY** (Dec 1995 - Mar 1999)

Neighborhood Profile (2000 Census)
Average Age:**38**   Median Household Income: **$64,821**   Median Home Value: **$163,000**   Average Years of Education: **14**

**297 W N 2968 OAKWOOD GRV, PEWAUKEE WI 53072, WAUKESHA COUNTY** (Dec 1990 - Jan 1999)

Neighborhood Profile (2000 Census)
Average Age:**38**   Median Household Income: **$64,821**   Median Home Value: **$163,000**   Average Years of Education: **14**

**297 W APT 97, PEWAUKEE WI 53072, WAUKESHA COUNTY** (Oct 1987)

Neighborhood Profile (2000 Census)
Average Age:**38**   Median Household Income: **$64,821**   Median Home Value: **$163,000**   Average Years of Education: **14**

**W 297N 2968, PEWAUKEE WI 53072, WAUKESHA COUNTY** (Jul 1985 - Apr 1986)

Neighborhood Profile (2000 Census)
Average Age:**38**   Median Household Income: **$64,821**   Median Home Value: **$163,000**   Average Years of Education: **14**

**2968 N OAKWOOD R GR, PEWAUKEE WI 53072, WAUKESHA COUNTY**

Neighborhood Profile (2000 Census)
Average Age:**38**   Median Household Income: **$64,821**   Median Home Value: **$163,000**   Average Years of Education: **14**

**297 W 97, PEWAUKEE WI 53072, WAUKESHA COUNTY**

Neighborhood Profile (2000 Census)
Average Age:**38**   Median Household Income: **$64,821**   Median Home Value: **$163,000**   Average Years of Education: **14**

**Others Associated With Subjects SSN:**
(DOES NOT usually indicate any type of fraud or deception)
   [None Found]

**Comprehensive Report Summary:**
  Bankruptcies:
    None Found
  Liens and Judgments:
    None Found
  UCC Filings:
    None Found
  Phones Plus:
    None Found
  People at Work:
    None Found
  Driver's License:
    1 Found
  Address(es) Found:
    1 Verified and 11 Non-Verified Found
  Possible Properties Owned:
    None Found
  Motor Vehicles Registered:
    3 Found
  Possible Criminal Records:
    None Found
  Florida Accidents:
    None Found
  Possible Associates:
    None Found
  Possible Relatives:
    1st Degree - 1 Found
    2nd Degree - None Found
    3rd Degree - None Found
  Neighbors:
    1st Neighborhood - 3 Found

**Bankruptcies:**
   [None Found]

Comprehensive Report

**Liens and Judgments:**
[None Found]

**UCC Filings:**
[None Found]

**Phones Plus(s):**
[None Found]

**People at Work:**
[None Found]

**Driver's License Information:**
Name: SANDRA L ANDERSON
DL Number: xxxxxxxxxxxxxx
State: Wisconsin
License Address: W297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY
DOB: 08/xx/1956
Potential SSN : 395-60-xxxx
Data Source: Non-Governmental

**Address Summary:**

✔ 297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Apr 1980 - Aug 2010)
W297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072-4219, WAUKESHA COUNTY (Jul 2001 - Apr 2009)
W297N2968 OAKWOOD GROVE RD, PWK WI 53072-4219, WAUKESHA COUNTY (Jan 2001)
2968 N OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Sep 1993 - May 2006)
297 N 2968 OKWD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Feb 2005)
297 N 2968 OAKWO RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Mar 2003)
297 2968 OAKWOOD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Dec 1995 - Mar 1999)
297 W N 2968 OAKWOOD GRV, PEWAUKEE WI 53072, WAUKESHA COUNTY (Dec 1990 - Jan 1999)
297 W APT 97, PEWAUKEE WI 53072, WAUKESHA COUNTY (Oct 1987)
W 297N 2968, PEWAUKEE WI 53072, WAUKESHA COUNTY (Jul 1985 - Apr 1986)
2968 N OAKWOOD R GR, PEWAUKEE WI 53072, WAUKESHA COUNTY
297 W 97, PEWAUKEE WI 53072, WAUKESHA COUNTY

**Active Address(es):**
✔ 297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Apr 1980 - Aug 2010)
    **Name Associated with Address:**
        SANDRA L ANDERSON
    **Current Residents at Address:**
        HAROLD JOHN ANDERSON
        SANDRA L ANDERSON
        262-367-3816 ANDERSON HAROLD & SANDRA L
    **Property Ownership Information for this Address**
        **Property:**
            Parcel Number - DELT0774016001
                Name Owner : ANDERSON & TEUTEBERG
            Property Address: - 297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY
            Owner Address: 297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY
            Assessed Value - $238,000
            Land Size - 34,412 Square Feet
            Data Source - A
    **Neighborhood Profile (2000 Census)**
        Average Age: 38
        Median Household Income: $64,821
        Median Owner Occupied Home Value: $163,000
        Average Years of Education: 14

**Previous And Non-Verified Address(es):**

W297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072-4219, WAUKESHA COUNTY (Jul 2001 - Apr 2009)
    **Name Associated with Address:**
        SANDRA L ANDERSON
        262-367-3816
    **Neighborhood Profile (2000 Census)**
        Average Age: 38
        Median Household Income: $64,821
        Median Owner Occupied Home Value: $163,000

3

Comprehensive Report

    Average Years of Education: 14

W297N2968 OAKWOOD GROVE RD, PWK WI 53072-4219, WAUKESHA COUNTY (Jan 2001)
    **Name Associated with Address:**
        SANDRA L ANDERSON
        262-367-3816

2968 N OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Sep 1993 - May 2006)
    **Name Associated with Address:**
        SANDRA L ANDERSON
        262-367-3816
    **Neighborhood Profile (2000 Census)**
        Average Age: 38
        Median Household Income: $64,821
        Median Owner Occupied Home Value: $163,000
        Average Years of Education: 14

297 N 2968 OKWD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Feb 2005)
    **Name Associated with Address:**
        SANDRA L ANDERSON
    **Neighborhood Profile (2000 Census)**
        Average Age: 38
        Median Household Income: $64,821
        Median Owner Occupied Home Value: $163,000
        Average Years of Education: 14

297 N 2968 OAKWO RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Mar 2003)
    **Name Associated with Address:**
        SANDRA L ANDERSON
    **Neighborhood Profile (2000 Census)**
        Average Age: 38
        Median Household Income: $64,821
        Median Owner Occupied Home Value: $163,000
        Average Years of Education: 14

297 2968 OAKWOOD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Dec 1995 - Mar 1999)
    **Name Associated with Address:**
        SANDRA L ANDERSON
    **Neighborhood Profile (2000 Census)**
        Average Age: 38
        Median Household Income: $64,821
        Median Owner Occupied Home Value: $163,000
        Average Years of Education: 14

297 W N 2968 OAKWOOD GRV, PEWAUKEE WI 53072, WAUKESHA COUNTY (Dec 1990 - Jan 1999)
    **Name Associated with Address:**
        SANDRA L ANDERSON
    **Neighborhood Profile (2000 Census)**
        Average Age: 38
        Median Household Income: $64,821
        Median Owner Occupied Home Value: $163,000
        Average Years of Education: 14

297 W APT 97, PEWAUKEE WI 53072, WAUKESHA COUNTY (Oct 1987)
    **Name Associated with Address:**
        SANDRA L ANDERSON
    **Neighborhood Profile (2000 Census)**
        Average Age: 38
        Median Household Income: $64,821
        Median Owner Occupied Home Value: $163,000
        Average Years of Education: 14

W 297N 2968, PEWAUKEE WI 53072, WAUKESHA COUNTY (Jul 1985 - Apr 1986)
    **Name Associated with Address:**
        SANDRA L ANDERSON
    **Neighborhood Profile (2000 Census)**
        Average Age: 38
        Median Household Income: $64,821
        Median Owner Occupied Home Value: $163,000
        Average Years of Education: 14

Comprehensive Report

2968 N OAKWOOD R GR, PEWAUKEE WI 53072, WAUKESHA COUNTY
**Name Associated with Address:**
SANDRA L ANDERSON
367-3816
**Neighborhood Profile (2000 Census)**
Average Age: 38
Median Household Income: $64,821
Median Owner Occupied Home Value: $163,000
Average Years of Education: 14

297 W 97, PEWAUKEE WI 53072, WAUKESHA COUNTY
**Name Associated with Address:**
SANDRA L ANDERSON
367-3816
**Neighborhood Profile (2000 Census)**
Average Age: 38
Median Household Income: $64,821
Median Owner Occupied Home Value: $163,000
Average Years of Education: 14

**Possible Properties Owned by Subject:**
[None Found]

**Motor Vehicles Registered To Subject:**
**Vehicle:**
Description: 2003 Ford Ranger Super - 4 Door Ext. Cab Pickup
VIN: 1FTZR45EX3PA51753
State Of Origin: WISCONSIN
Engine: 6 Cylinder 245 Cubic Inch
Anti Lock Brakes: ABS standard, wheels unknown
Air Conditioning: Optional
Daytime Running Lights: Unknown
Power Steering: Unknown
Power Brakes: Unknown
Power Windows: Optional
Security System: Pass key
Roof: None / not available
Price: 21645
Radio: AM/FM
Front Wheel Drive: No
Four Wheel Drive: No
Tilt Wheel: Optional

*Owner(s)*
Name: SANDRA L ANDERSON
Potential SSN 🛈 : 395-60-xxxx
Address: W297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072-4219, WAUKESHA COUNTY
DOB: 8/xx/1956
Sex: Female
Age: 53
Title Number: 03219NVD05
Odometer Mileage: 59

*Lien Holder(s)*
None

**Vehicle:**
Description: 1994 Chevrolet K1500 - Club Cab Pickup
VIN: 1GCEK19K4RE285263
State Of Origin: WISCONSIN
Engine: 8 Cylinder 350 Cubic Inch
Restraints: Active (manual) belts
Anti Lock Brakes: Rear only standard
Air Conditioning: Optional
Daytime Running Lights: Not available
Power Steering: Standard
Power Brakes: Standard

5

Comprehensive Report

Power Windows: Optional
Security System: Unknown
Roof: None / not available
Price: 18179
Radio: AM
Front Wheel Drive: No
Four Wheel Drive: No
Tilt Wheel: Optional

*Owner(s)*
Name: SANDRA L ANDERSON

Potential SSN 🛈 : 395-60-xxxx
Address: W297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072-4219, WAUKESHA COUNTY
DOB: 8/xx/1956
Sex: Female
Age: 53
Title Number: 9424939045
Odometer Mileage: 41

*Lien Holder(s)*
None

**Vehicle:**
Description: 1998 Ford Ranger - Pickup
VIN: 1FTYR11U6WPB55104
State Of Origin: WISCONSIN
Engine: 6 Cylinder 182 Cubic Inch
Restraints: Dual front air bags/active belts
Anti Lock Brakes: ABS standard, wheels unknown
Air Conditioning: Optional
Daytime Running Lights: Not available
Power Steering: Standard
Power Brakes: Standard
Power Windows: Optional
Security System: Unknown
Roof: None / not available
Price: 15765
Radio: AM/FM
Front Wheel Drive: No
Four Wheel Drive: No
Tilt Wheel: Optional

*Owner(s)*
Name: SANDRA L ANDERSON

Potential SSN 🛈 : 395-60-xxxx
Address: W297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072-4219, WAUKESHA COUNTY
DOB: 8/xx/1956
Sex: Female
Age: 53
Title Number: 02318Q4019
Odometer Mileage: 227

*Lien Holder(s)*
None

**Possible Criminal Records:**
[None Found]

**Florida Accidents:**
[None Found]

**Possible Associates:**
[None Found]

**Possible Relative Summary:**
> HAROLD JOHN ANDERSON , Age 53

6

Comprehensive Report

**Possible Relatives:**
HAROLD JOHN ANDERSON DOB: 8/xx/1956 Age: 53
  393-48-xxxx issued in Wisconsin between 1/1/1963 and 12/31/1964
  **Active Address(es):**
  💲 ✔️ 297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Oct 1989 - May 2010)
      **Current Residents at Address:**
          HAROLD JOHN ANDERSON
          SANDRA L ANDERSON
          262-367-3816 ANDERSON HAROLD & SANDRA L

  **Previous And Non-Verified Address(es):**
  💲 W297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072-4219, WAUKESHA COUNTY (Jan 2003 - Jul 2006)

  💲 297 N 2968 OKWD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Feb 2005)

  💲 297 2968 OAKWOOD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Mar 1999)

  💲 2968 N OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Sep 1993)
  297N 29 OAKWOOD GR W, PEWAUKEE WI 53072, WAUKESHA COUNTY (Jun 1993)
  297 W N 2968, PEWAUKEE WI 53072, WAUKESHA COUNTY (May 1987 - Dec 1992)

  💲 297 W APT 97, PEWAUKEE WI 53072, WAUKESHA COUNTY (Oct 1987)

  💲 297 W 97, PEWAUKEE WI 53072, WAUKESHA COUNTY
      367-3816

  2968 N OAKWOOD GRV, PEWAUKEE WI 53072, WAUKESHA COUNTY
      367-3816

**Neighbors:**
  **Neighborhood:**
  ✔️ 297N2968 OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Apr 1980 - Aug 2010)
      **Residents:**
          HAROLD JOHN ANDERSON DOB: 8/xx/1956 Age: 53
              393-48-xxxx issued in Wisconsin between 1/1/1963 and 12/31/1964
          SANDRA L ANDERSON DOB: 8/xx/1956 Age: 53
              395-60-xxxx issued in Wisconsin between 1/1/1969 and 12/31/1970
          262-367-3816 ANDERSON HAROLD & SANDRA L


      **Address(es):**
      297N2917 OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Feb 1990 - May 2010)
              JAMES D PLUTUL DOB: 7/xx/1942 Age: 68
                  395-42-xxxx issued in Wisconsin between 1/1/1960 and 12/31/1961
      297N292 OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Jun 2005 - May 2010)
              JOSEPH J GALUSHA     Age:
      297N2922 OAKWOOD GROVE RD, PEWAUKEE WI 53072, WAUKESHA COUNTY (Aug 1988 - May 2010)
          **Residents:**
              BONNIE L GALUSHA DOB: 11/xx/1940 Age: 69
                  392-38-xxxx issued in Wisconsin between 1/1/1956 and 12/31/1958
              JOSEPH J GALUSHA DOB: 8/xx/1941 Age: 68
                  387-40-xxxx issued in Wisconsin between 1/1/1957 and 12/31/1959
              JEFFERY J GALUSHA DOB: 3/xx/1970 Age: 40
                  395-70-xxxx issued in Wisconsin between 1/1/1973 and 12/31/1974

**EXHIBIT 5**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James G. O'Callahan<br>Girardi and Keese<br>1126 Wilshire Blvd.<br><br>Los Angeles, CA 90017<br>TELEPHONE NO.: 213 977 0211　FAX NO.: 213 481 1554<br>ATTORNEY FOR (Name): Plaintiff | **CONFORMED COPY<br>OF ORIGINAL FILED**<br>Los Angeles Superior Court<br><br>**JUL 01 2010**<br><br>John A. Clarke, Executive Officer/Clerk<br>By_____, Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

CASE NAME: ANDERSON v. ZIMMER, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 4 4 0 8 8 4 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [x] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: July 1, 2010
James G. O'Callahan
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal<br>Solutions<br>& Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

| SHORT TITLE: ANDERSON v. ZIMMER, INC. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [ x ] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 5-7 [ ] HOURS/ [ x ] DAYS

Item II.  Select the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:**  In Column C, circle the reason for the court location choice that applies to the type of action you have checked.

For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

| | |
|---|---|
| 1. Class Actions must be filed in the County Courthouse, Central District. | 6. Location of property or permanently garaged vehicle. |
| 2. May be filed in Central (Other county, or no Bodily Injury/Property Damage). | 7. Location where petitioner resides. |
| 3. Location where cause of action arose. | 8. Location wherein defendant/respondent functions wholly. |
| 4. Location where bodily injury, death or damage occurred. | 9. Location where one or more of the parties reside. |
| 5. Location where performance required or defendant resides. | 10. Location of Labor Commissioner Office. |

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ x ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

| | | |
|---|---|---|
| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4<br>LA-481 |

| SHORT TITLE: | ANDERSON v. ZIMMER, INC. | CASE NUMBER |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | . Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE**
Case Number

BC440884

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

>    **Cases for Which Mediation May Be Appropriate**
>    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.
>
>    **Cases for Which Mediation May Not Be Appropriate**
>    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

>    **Cases for Which Arbitration May Be Appropriate**
>    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
>
>    **Cases for Which Arbitration May Not Be Appropriate**
>    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

>    **Cases for Which Neutral Evaluation May Be Appropriate**
>    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.
>
>    **Cases for Which Neutral Evaluation May Not Be Appropriate**
>    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

RECEIVED ORIGINAL FILED

JUL 14 2010                    FILE STAMP

GIRARDI & KEESE               JUL 13 2010

LOS ANGELES
SUPERIOR COURT

NOTICE SENT TO:

Callahan, James G., Esq.
Girardi & Keese, Law Offices of
1126 Wilshire Blvd.
Los Angeles,        CA  90017

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| SANDRA ANDERSON | Plaintiff(s), | BC440884 |
| VS. | | |
| ZIMMER INC | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/
attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>October 29, 2010</u> at <u>8:30 am</u> in <u>Dept. 31</u>
at 111 North Hill Street, Los Angeles, California  90012.

**NOTICE TO DEFENDANT:**   **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE
DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form #
CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement
may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the
case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order
establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the
case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay
Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case
Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections
177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>July 13, 2010</u>

_____
Judicial Officer
**CERTIFICATE OF SERVICE** ALAN S. ROSENFIELD

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein,
and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

☑ by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a
   separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.
Date: <u>July 13, 2010</u>

John A. Clarke, Executive Officer/Clerk

by _____**T. TENNYSON**_____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

**FILED**

| Attorney or Party without Attorney: | | | | SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |
|---|---|---|---|---|
| GIRARDI AND KEESE<br>1126 WILSHIRE BLVD.<br>LOS ANGELES, CA 90017<br>Telephone No: 213-977-0211 | | | | AUG 10 2010 |
| | | Ref. No. or File No.:<br>2010157 | | John A. Clarke, Executive Officer/Clerk |
| Attorney for: Plaintiff | | | | BY_____, Deputy<br>Victor Sino-Cruz |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| LOS ANGELES COUNTY SUPERIOR COURT- CENTRAL DISTRICT |

| Plaintiff: SANDRA ANDERSON |
|---|
| Defendant: ZIMMER, INC. |

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>BC440884   D-31 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS & COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; ALTERNATIVE
DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE; NOTICE OF CASE MANAGEMENT CONFERENCE.

3. a. Party served:                    ZIMMER, INC.
   b. Person served:                   BECKY DEGEORGE, AGENT FOR SERVICE OF PROCESS

4. Address where the party was served:  CSC LAWYERS INCORPORATED
                                        2730 GATEWAY OAKS DRIVE
                                        SUITE 100
                                        SACRAMENTO, CA 95833

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
   process for the party (1) on: Wed., Jul. 21, 2010 (2) at: 1:50PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: ZIMMER, INC.
   Under CCP 416.10 (corporation)

7. **Person Who Served Papers:**                          Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JENICE ROSSNER                    d. **The Fee for Service was:**
   **b. PROLEGAL**                      e. I am: (3) registered California process server
      1706 S. FIGUEROA ST.                 *(i)*   Independent Contractor
      LOS ANGELES, CA 90015                *(ii)*  Registration No.:      98-02
   c. 213-481-8100                         *(iii)* County:               Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Thu, Jul. 29, 2010

Judicial Council Form POS-010                 PROOF OF SERVICE                    JENICE ROSSNER
Rule 2.150.(a)&(b) Rev January 1, 2007        SUMMONS & COMPLAINT                              3677377.girke.39473

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 6201 GW (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| Sandra Anderson | Zimmer, Inc. and DOES 1 through 100, Inclusive. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| James G. O'Callahan (SBN 126975)<br>Girardi and Keese<br>1126 Wilshire Blvd.<br>Los Angeles, CA 90017<br>T: (213) 977-0211<br>F: (213) 481-1554 | Sonja S. Weissman (SBN 154320)<br>Eric J. Buhr (SBN 217528)<br>Reed Smith LLP<br>355 S. Grand Ave., Suite 2900<br>Los Angeles, CA 90071-1514<br>T: (213) 457-8000; (F) (213) 457-8080 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1441 and 1446; negligence, strict product liability, negligent product liability

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☒ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities- Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities- Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

CV10 6201

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2
CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) [ ] A. Arise from the same or closely related transactions, happenings, or events; or

                [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

                [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                [ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Wisconsin |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Indiana and Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ Date August 19, 2010

                           Eric J. Buhr

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |