Sonja S. Weissman, Esq. (SBN 154320)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: 415-543-8700
Facsimile: 415-391-8269
E-mail: sweissman@reedsmith.com

Eric J. Buhr, Esq. (SBN 217528)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
E-mail: ebuhr@reedsmith.com

Kelly S Witte, Esq. (Admitted *Pro Hac Vice*)
Baker & Daniels LLP
300 North Meridian Street, Suite 2700
Indianapolis IN 46204
Telephone: (317) 237-0300
E-mail: kelly.witte@bakerd.com

Attorneys for Defendant
Zimmer, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>ZIMMER, INC. and DOES 1 through 100, inclusive.<br><br>Defendants. | Case No. CV10-6201 GW (JEMx)<br><br>**DEFENDANT ZIMMER INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE**<br><br>Date: December 30, 2010<br>Time: 8:30 a.m.<br>Place: Courtroom 10<br><br>Trial Date: August 16, 2011<br>Discovery Cut-Off: May 13, 2011<br><br>The Honorable George H. Wu |

///

///

///

///

## I. INTRODUCTION

This is a product liability action in which the plaintiff, Sandra Anderson ("Plaintiff"), contends that a knee implant allegedly designed and manufactured by Defendant Zimmer, Inc. ("Zimmer"), was defective. *See* Complaint, *passim*.

Plaintiff is a resident of the State of Wisconsin, County of Waukesha, and she has lived in Pewaukee, Wisconsin, since 1977. Complaint ¶ 1; Plaintiff's Responses To Defendant Zimmer, Inc.'s First Interrogatories ("Plaintiff's Responses"), No. 3, attached as Exhibit A to the Declaration of Kelly S. Witte ("Witte Declaration"). On May 10, 2007, Plaintiff underwent bilateral knee replacement surgery in Oconomowoc, Wisconsin.[1] Plaintiff's FRCP Rule 26 Disclosures ("Plaintiff's Disclosures"), p. 2, attached as Exhibit B to the Witte Declaration. Plaintiff used her knee implants — including the left knee implant at issue in this matter (the "Device") — within the State of Wisconsin from 2007 to 2009. *See* Plaintiff's Response Nos. 3, 9. Plaintiff contends that the Device failed and she was injured within Wisconsin. Complaint, ¶ 4. Plaintiff had surgery in Waukesha, Wisconsin, to replace the Device in February 2010. Plaintiff's Responses, No. 2.

All of Plaintiff's witnesses, physicians, and healthcare professionals with information about her treatment and alleged injuries are located in Wisconsin. Plaintiff's Disclosures, p. 2. Presumably, their medical records and bills also are located in Wisconsin. *Id.* at pp. 2-3.

Based on the foregoing facts, for the convenience of the parties and witnesses and in the interest of justice, this case should be transferred pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)") to the United States District Court for the Eastern District of Wisconsin.

---

[1] Plaintiff alleges that Gerald Adler, M.D., implanted a NexGen Flex GSF Knee System designed and manufactured by Zimmer. Complaint ¶¶ 6, 8.

## II. ARGUMENT

This case should be transferred to the Eastern District of Wisconsin because that district provides a more convenient forum for the adjudication of this dispute, and it is in the interest of justice to order such a transfer. Section 1404(a) governs requests to transfer venue: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether a change of venue is appropriate, courts in this circuit consider (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Szegedy v. Keystone Food Prods., Inc.*, No. CV 08-5369 CAS (FFMx), 2009 WL 2767683, *2 (C.D. Cal. Aug. 26, 2009).

As set forth below, pursuant to Section 1404(a) this case could have been filed in the Eastern District of Wisconsin, and the factors to be considered on transfer weigh in favor of transfer to the Eastern District of Wisconsin.

### A. This Case Could Have Been Filed In The Eastern District Of Wisconsin

Transfer under Section 1404(a) requires that the transferee district be one in which the case originally could have been filed. *See* 28 U.S.C. § 1404(a). Plaintiff filed this case in state court in Los Angeles County, California, and Zimmer removed the case to federal court based on diversity of the parties.[2] *See* Notice of Removal, *passim*. Notably, although Plaintiff did not originally file the case in Wisconsin, Plaintiff is a resident of Waukesha County, Wisconsin, and has lived in Wisconsin since 1977. Complaint ¶ 1; Plaintiff's Responses, No. 3.

Zimmer is a Delaware corporation with its principal place of business in Indiana. Accordingly, because there is diversity of citizenship and the events giving rise to Plaintiff's claims occurred in Wisconsin, the Eastern District of Wisconsin is a

---

[2] "Removal to federal court does not prevent a transfer to another district on convenience grounds pursuant to 28 U.S.C. section 1404(a)." *Gordon v. Champlain Mfg.*, No. C98-1517 MJJ, 1998 WL 671242, *1 (N.D. Cal. Sept. 28, 1998).

judicial district in which the case originally could have been filed. *See* 28 U.S.C. § 1404(a)(2).

### B. The Convenience Of The Parties And Witnesses Weighs In Favor Of Transfer

Wisconsin is a far more convenient forum for the parties and witnesses in this case. First, because Zimmer's principal place of business is in Indiana, it would be far more convenient for Zimmer and Plaintiff to litigate in the Eastern District of Wisconsin. The Eastern District of Wisconsin is just 212 miles from Zimmer and is the place of Plaintiff's residence. The Central District of California, however, is over 2100 miles from Zimmer and its witnesses, and is over 2,000 miles from the location of Plaintiff and her healthcare providers/witnesses. Moreover, because Plaintiff has chosen to litigate outside her home forum, any inconvenience Plaintiff allegedly would suffer if compelled to litigate in Wisconsin is entitled to less deference than the inconvenience of Zimmer. *Szegedy*, 2009 WL 2767683, at *4 ("because plaintiffs do not reside in this forum and because this case is a class action, the usual reasons for deferring to a plaintiff's choice of forum do not apply"). *See also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration."). Put simply, convenience of the parties weighs in favor of transfer because no party resides in California. *Szegedy*, 2009 WL 2767683, at *4.

Second, all of Plaintiff's witnesses, including the physicians and healthcare providers with information about her treatment and alleged injuries, are located in Wisconsin. Plaintiff's Disclosures, p. 2. Even were those professionals and other likely fact witnesses (such as Plaintiff's friends and family) willing to attend trial in Los Angeles, California, their convenience would be substantially improved if venue were transferred to Wisconsin.

1   For the convenience of the Plaintiff, Zimmer, and key fact witnesses, this case
2   should be transferred to the Eastern District of Wisconsin.

### C. The Interests Of Justice Weigh In Favor Of Transfer

California courts have enumerated eight factors relevant to the "interests of justice:" (1) the ease of access to sources of proof; (2) the state most familiar with the governing law; (3) the parties' contacts with the forum; (4) the contacts relating to the plaintiff's cause of action in the forum; (5) the differences in the costs of litigation in the two forums; (6) the availability of compulsory process to compel unwilling non-party witnesses; (7) the relative court congestion in the two forums; and (8) the plaintiff's choice of forum. *Szegedy*, 2009 WL 2767683, at *2; *Gordon v. Champlain Mfg.*, 1998 WL 671242, *2 (N.D. Cal. Sept. 28, 1998). *See also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (denying transfer where agreements were negotiated and executed in California; California public policy on franchise law weighed in favor of California; party contacts were greater in California; claims arose out of store located in California; majority of witnesses and sources of proof were in California; and, financial burdens of litigation in California were less). The plaintiff's choice of forum is given little weight where the plaintiff has chosen a forum outside her home forum. *Szegedy*, 2009 WL 2767683, at *4.

#### 1. Proof Will Be Easier To Access In Wisconsin.

Wisconsin provides easier access to sources of proof than does California. As set forth supra, Plaintiff, her doctors, and other likely fact witnesses, as well as the facilities at which Plaintiff has been treated, are located in Wisconsin. Plaintiff's Disclosures, p. 2. Similarly, all of Plaintiff's medical records and billings are likely to be located in Wisconsin. Plaintiff's personal documents regarding her medical condition, photographs, and the like also are likely to be retained at her place of residence in Wisconsin. To the contrary, literally *none* of the evidence in this case originates from or is stored in California. See Plaintiff's Disclosures, pp. 2-3. And, Zimmer's documents regarding the design, manufacture, and sale of the Device are all

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

located in Indiana, and Zimmer can more easily transfer those documents to the closer venue of Wisconsin. Witte Declaration, ¶ 5.

Because Wisconsin offers easier access to sources of proof, this matter should be transferred to the Eastern District of Wisconsin. *See Ventress v. Japan Airlines*, 486 F.3d 111, 1118-19 (9th Cir. 2007) (upholding district court's transfer of case to Hawaii where, inter alia, documentary evidence and potential witnesses were located in Hawaii).

### 2. The Eastern District Of Wisconsin Is More Familiar With The Governing Law.

The interests of justice further require this Court to transfer this matter to Wisconsin, because it is the forum most familiar with the state's law that will govern this case. Plaintiff alleges that she received and used the product in question in Wisconsin, was injured in Wisconsin, and required subsequent surgery in Wisconsin. Complaint ¶ 14. Plaintiff's Responses, pp. 2-6. The Device was designed and manufactured in Indiana by Zimmer and, thus, literally none of the relevant facts occurred in California.

California courts apply a "government interest analysis" to choice of law issues in tort cases, which balances the interests of the involved states and parties. *Zinser v. Accufix Research Institute, Inc.*, 253 F. 3d 1180, 1187 (9th Cir. 2001). Under this analysis, the Court first must determine whether Wisconsin law differs from California law. Second, if there is a difference, the Court must examine each jurisdiction's interest in the application of its own law. Only if the laws are "materially different" and if each state has an interest in having its own law applied must the Court, third, select the state whose interests would be most impaired if its law were not applied. *Id.* (citations omitted).

The Ninth Circuit has recognized that negligence and product liability laws differ from state to state. *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1188 (9th Cir. 2001) (noting that, in choice of law analysis, several states' negligence and

1  product liability laws conflict with California law, stating "the laws of negligence,
2  products liability, and medical monitoring all differ in some respects from state to
3  state." (citations omitted)). Thus, this Court must identify the state with the greatest
4  interest in the application of its own laws — an easy determination given the operative
5  facts of this case. California has no interest in the application of its own laws to
6  Plaintiff's claims. Plaintiff's only connection to California is the location of her
7  counsel, which multiple courts have concluded is irrelevant. *See, e.g., Szegedy*, 2009
8  WL 2767683, n.4. Wisconsin, on the other hand, has a significant interest in
9  adjudicating tort claims that occur within Wisconsin, to residents of Wisconsin, whose
10 outcome will deter wrongs from occurring within Wisconsin. Therefore, the balance
11 of the interests clearly weighs in favor of applying Wisconsin law.
12     Because Wisconsin law must be applied to Plaintiff's claims, transfer to the
13 Eastern District of Wisconsin will avoid unnecessary conflict of laws or the
14 application of a foreign state's laws by a California court. Accordingly, this case
15 should be transferred to the Eastern District of Wisconsin.

### 3. The Parties Have Limited Contacts With California.

17     Plaintiff's only contact with California is that her counsel is located in
18 California. "However, 'the location of plaintiff's counsel is immaterial to the
19 determination of the convenience and justice of a particular forum.'" *Szegedy*, 2009
20 WL 2767683, at n.4 (citations omitted).
21     Zimmer does some business in California, in that its products are sold there.
22 However, neither Plaintiff nor her healthcare providers purchased the Device in
23 California; it was purchased and implanted in Wisconsin. The Device also was not
24 designed or manufactured in California; it was designed and manufactured in Indiana.
25 Where the products at issue were not manufactured or packaged in California, the
26 interests of justice weigh in favor of transfer. *Id.* at *7.

### 4. Plaintiff Has No Contacts With California Relating To Her Cause Of Action.

The interests of justice also weigh in favor of transfer because Plaintiff has no contacts with California relating to her cause of action. Plaintiff did not purchase the Device in California, her surgeries were not in California, and the Device did not allegedly fail in California. As stated supra, the fact that Plaintiff's counsel is located in California is immaterial. *Id.* at n.4 (citations omitted). Further, because the business Zimmer transacts in California is unrelated to Plaintiff, Plaintiff's lawsuit bears no connection to California. *See Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). Accordingly, transfer is warranted.

### 5. It Is Less Expensive For The Parties To Litigate In Wisconsin Than In California.

The administrative costs of litigating in California and Wisconsin are, presumably, the same. However, both parties will save money by litigating in Wisconsin. Plaintiff will not have to travel at all. Zimmer's numerous witnesses on the design, manufacture, testing, inspection, distribution, and sale of the Device (not to mention Zimmer's counsel) are located in Indiana and can travel more quickly and inexpensively to Wisconsin than to California for hearings, depositions, and trial. For this additional reason, the case should be transferred to the Eastern District of Wisconsin.

### 6. The Availability Of Compulsory Process Weighs In Favor Of Transfer.

Because Plaintiff's treating physicians are located in Wisconsin, they are not subject to compulsory process by the Central District of California to secure their attendance at trial. See Fed. R. Civ. P. 45(c)(3)(A)(ii). Plaintiff's implanting and revision surgeons will be necessary witnesses for trial, and they will be subject to compulsory process in Wisconsin. Accordingly, the availability of compulsory process weighs in favor of transfer to the Eastern District of Wisconsin.

### 7. The Eastern District Of Wisconsin Is Less Congested Than The Central District Of California.

The Eastern District of Wisconsin is much less congested than the Central District of California. Witte Declaration at ¶¶ 6-7 and Federal Court Management Statistics, attached thereto as Exhibit C.[3] The Court should consider the relative congestion of the two jurisdictions, and this factor, too, weighs in favor of transfer. *Szegedy*, 2009 WL 2767683, at *2.

### 8. Plaintiff's Choice Of Forum Should Be Given Little Weight.

Plaintiff's choice of this forum is not entitled to deference because this Court is outside Plaintiff's home state, the operative facts did not occur in California, and California has no particular interest in the action. *See Lou*, 834 F.2d at 739. ("If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter" the case should be transferred."). *Pac. Car And Foundry Co. v. Pence*, 403 F. 2d 949, 954 (9th Cir. 1968 (same)); *Szegedy*, supra, *4 (same).

## III. CONCLUSION

This case should be transferred to the United States District Court for the Eastern District of Wisconsin. The case originally should have been filed in Wisconsin, and convenience of the parties, convenience of the witnesses, and myriad factors that courts consider in the interests of justice all weigh in favor of transfer. In sum, there is "no significant connection between California and the facts alleged in the

///

///

///

---

[3] Further, this Court has not yet been asked to spend a considerable amount of time managing this case. The Court has held a scheduling conference, but it has not considered motions or discovery disputes. Transfer of the case at this early stage of litigation is not an administrative hardship on the Court. Thus, administrative considerations also weigh in favor of transfer.

[C]omplaint." *Ventress*, 486 F.3d at 1118 (upholding district court's transfer of venue). For the foregoing reasons, this case should be transferred to the Eastern District of Wisconsin.

DATED: November 29, 2010

                                        REED SMITH LLP

                                        By   /S/ - Eric J. Buhr
                                                Eric J. Buhr
                                                Attorneys for Defendant
                                                Zimmer, Inc.